ALBY W. STEGALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 27869.   Promulgated December 22, 1931.

*J. Sydney Salkey, Esq.*, and *Wilbur B. Jones, Esq.*, for the peti-
tioner.

*T. M. Mather, Esq.*, for the respondent.

OPINION.

SEAWELL: The applicable law in the instant case is found in section 202 (e) of the Revenue Act of 1921, as amended by the Act of March 4, 1923, effective January 1, 1923, and is as follows:

Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2) and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the amount of the gain resulting from such exchange shall be computed in accordance with subdivisions (a) and (b) of this section, but in no such case shall the taxable gain exceed the amount of the money and the fair market value of such other property received in exchange.

The petitioner insists that the stock of the Delaware corporation received by her in 1923 had at that time no readily realizable or fair market value. Such contention is supported by the opinions of several witnesses, based on grounds indicated in our findings of fact, but which do not convince us of their correctness. In the light of other evidence and especially the fact that the average annual net earnings of the Delaware company and its Missouri predecessor company for the five years prior to the sale of the capital stock of the former in 1925 were $141,383.66, it appears unreasonable to us that the stock of the Delaware company had at the time of the exchange of stocks no readily realizable or fair market value. There is certainly evidence to sustain the presumption of the correctness of the respondent's determination that it had such, and the opinion evidence and other evidence adduced by petitioner is not, in our opinion, sufficient to prevail over the presumption of the correctness of the respondent's determination and the evidence supporting that determination as to the readily realizable and fair market value of the Delaware company's stock at the time of the exchange.

In *Balaban & Katz Corporation* v. *Commissioner*, 30 Fed. (2d) 807, the court said:

\* \* \* Opinion evidence, to be of any value, should be based either upon admitted facts or upon facts, within the knowledge of the witness, disclosed in the record. Opinion evidence that does not appear to be based upon disclosed facts is of little or no value. The opinion witnesses here were almost wholly without facts to support their conclusions, and it was within the province of the Board to disregard the opinion evidence and base its opinion upon the facts in the record before it. *The Conqueror*, 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937; *Idaho Power Co.* v. *Thompson* (D. C.) 19 F. (2d) 547. \* \* \* [See also *W*.

*S. Bogle & Co., Inc., et al.* v. *Commissioner*, 26 Fed. (2d) 771; *Boggs & Buhl* v. *Commissioner*, 34 Fed. (2d) 859.

We are of the opinion that the respondent did not err in determining that the entire cash ($69,600) received by the petitioner, as stated in our findings of fact, is taxable income to the petitioner for 1923. This conclusion is supported by the decision of the Board in *Howard B. Tuttle*, 19 B. T. A. 502.

The petitioner further insists that the capital-gain provision of section 206 of the Revenue Act of 1921 should be applied in determining her tax liability, if any, since her stock in the Union Biscuit Company of Missouri was owned by her donor and herself for a combined period of more than two years. The pertinent provision of section 206 of the act applicable to such issue provides:

(a) That for the purpose of this title:

*　　*　　*　　*　　*　　*　　*

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years. * * *

The provision quoted requires that the stock must be held by the taxpayer, in this instance the donee, for profit or investment for more than two years and this Board has so held in *Magdaline McKinney*, 16 B. T. A. 804, and *William Kempton Johnson*, 17 B. T. A. 611, affd., *Johnson* v. *Commissioner*, 52 Fed. (2d) 726. The petitioner acquired her stock by gift from her husband in 1922 and held such stock less than two years and does not, therefore, come within the provisions of the statute.

*Judgment will be entered for the respondent.*